```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

THOMAS V. RYBURN #B60455,     )
                              )
          Plaintiff,          )
                              )
     v.                       )      No.  10 C 7025
                              )
CHRIS CANNON, et al.,         )
                              )
          Defendants.         )

## MEMORANDUM ORDER

Repetitive litigant Thomas Ryburn ("Ryburn") has outdone himself by tendering two Complaints, one in Case No. 10 C 7024 and the other in Case No. 10 C 7025, on the same day. This memorandum order addresses only the higher-numbered Complaint.

Here Ryburn complains of the asserted mishandling of some of his legal mail. Although he seeks to characterize the brief delays that were involved as violations of "procedural due process and equal protection,"[1] the only potential for subject matter jurisdiction over his claim in this federal court comes under the rubric of denial of access to the courts, as to which Bounds v. Smith, 430 U.S. 817 (1977) is the seminal decision.

But Ryburn strikes out[2] on that score. In that respect

---

[1] Ryburn also refers to asserted violations of the Administrative Code provisions that govern state correctional institutions such as Stateville Correctional Center ("Stateville," where he is now incarcerated). But such state requirements clearly do not bring 42 U.S.C. §1983 ("Section 1983") into play so as to invoke federal jurisdiction.

[2] That is more than a figure of speech. Because Ryburn has failed to state a federal claim, so that dismissal is called for

Lewis v. Casey, 518 U.S. 343 (1996) teaches that a prisoner must show "'actual injury'--that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'" (id. at 348). And our Court of Appeals has consistently required such a showing of actual injury in published and unpublished opinions alike (see, e.g., Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006)).

Ryburn does not even hint at his having sustained any "actual injury" in the sense required by the caselaw. Although he is certainly annoyed--he characterizes some of the Stateville personnel as "stupid as well as incompetent" and as having lied about the asserted mishandling--such annoyance is in no way synonymous with "actual injury."

Accordingly both the Complaint and this action are dismissed under the authority of Section 1915A(b). But Ryburn remains obligated under Section 1915(b)(1) to pay the entire $350 filing fee, albeit in installments. In that respect the printout reflecting transactions in his Stateville trust fund account that he has submitted together with an In Forma Pauperis Application ("Application") ends on August 10, 2010, even though he signed the Application two months later, on October 10. Hence Ryburn is

---

under the threshold screening provided for by 28 U.S.C. §1915A, such dismissal charges him with a "strike" for purposes of 28 U.S.C. §1915(g)(further citations to subparts of that last-cited statute will simply take the form "Section --").

ordered to obtain and submit promptly to this Court a printout covering the entire six-month period ended October 10, 2010.[3] Ryburn's Motion for Appointment of Counsel, tendered along with his other submissions, is denied as moot.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:   November 2, 2010

---

[3] In addition, a copy of this memorandum order is being sent directly to Stateville in the hope that its authorized officer Donald Wright will transmit a copy of the correct printout, bearing this Case No. 10 C 7025, to:

    Clerk, United States District Court
    219 South Dearborn Street, 20th Floor
    Chicago IL 60604

    Attention:  Fiscal Department