```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

THOMAS V. RYBURN #B60455,      )
                               )
                Plaintiff,     )
                               )
          v.                   )    No. 10 C 7025
                               )
CHRIS CANNON, et al.,          )
                               )
                Defendant.     )
```

                          MEMORANDUM ORDER

This is one of two lawsuits that Stateville Correctional Center ("Stateville") inmate Thomas Ryburn ("Ryburn") filed on the same date, October 28, 2010 -- the other action is <u>Ryburn v. Hulick</u>, Case No. 10 C 7024. Although this Court's November 2, 2010 memorandum order dismissed this action under the authority of 28 U.S.C. § 1915A(b),[1] it was not possible to address the requirements of Section 1915 fully because Ryburn had failed to provide the proper information as to the transactions in his trust fund account at Stateville.

Ryburn has now cured that omission by providing that information in conjunction with Case No. 10 C 7024, and this Court's contemporaneous memorandum opinion and order in that case has reflected the filing fee calculation that applies identically in the two cases. Accordingly Ryburn need not pay the full $350 filing fee in advance, although he must pay the entire fee in future installments.

Ryburn is therefore assessed an initial payment of $12.50,

---

[1] All further references to Title 28 provisions will simply take the form "Section ---."

and the Stateville trust fund officer is ordered to collect that amount from Ryburn's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>  Office of the Clerk
>  United States District Court
>  219 S. Dearborn Street
>  Chicago, IL 60604
>  Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Ryburn's name and the 10 C 7025 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Ryburn may hereafter be confined) is authorized to collect monthly payments from Ryburn's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount so collected exceeds $10 until the full $350 filing fee is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date:    December 6, 2010