```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

THOMAS V. RYBURN #B60455,     )
                              )
          Plaintiff,          )
                              )
     v.                       )     No. 10 C 7025
                              )
CANNON, et al.,               )
                              )
          Defendants.         )
```

## MEMORANDUM ORDER

This Court has issued a batch of memorandum orders in this pro se action brought by Thomas Ryburn ("Ryburn"): one on November 2, 2010 dismissing both the Complaint and this action under the authority of 28 U.S.C. §1915A(b);[1] another on November 19 that in part denied reconsideration of the dismissal, relief that Ryburn had sought in his November 4 letter received in the Clerk's Office on November 16; still another issued December 6, which set out Ryburn's obligation to pay the filing fee pursuant to Section 1915; and a fourth dated December 8, which treated with another handwritten letter from Ryburn.  Now the Clerk's Office has delivered to this Court's chambers its Judge's copy of a hand-printed filing that is captioned "Relief From Judgement [sic]" and is identified as a "Rule 59(e) Motion, F.R.C.P." in Ryburn's certificate of service.

To begin with, Ryburn's most recent filing -- one that

---

[1] All further citations to Title 28 provisions will simply take the form "Section--."

asserts an obligation by this Court to address the claimed unconstitutionality of Section 1915[2] -- is patently without merit, and it is denied on that score. But an added comment is in order to stanch the steady stream of submissions by the indefatigable Ryburn. That further discussion follows.

Even if Ryburn's November 4 handwritten submission is viewed as a timely Fed.R.Civ.P. ("Rule") 59(e) motion, thus tolling the time to appeal from this Court's earlier dismissal, the November 19 memorandum order dispatched that motion and started the 30-day time clock for an appeal ticking. And that time clock is not further tolled by Ryburn's more recent submission that he characterizes as brought under Rule 59(e) -- as stated in 12 Moore's Federal Practice §59.32[3](3d ed. 2010):

> Thus, a second Rule 59(e) motion, filed after denial of the initial motion brought more than twenty-eight days after entry of judgment, does not toll the time for appeal.

In sum, the clock has run out on any possible appeal by Ryburn from this Court's dismissal of the action itself.

_____
Milton I. Shadur
Senior United States District Judge

Dated: December 29, 2010

---

[2] To that end, Ryburn asks for the "appointment of a constitutional lawyer."